UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN DARNELL BELSER,

    Petitioner,                                   Civil No. 06-CV-10714
                                             HONORABLE PAUL V. GADOLA
v.                                               UNITED STATES DISTRICT COURT

MICHIGAN PAROLE BOARD,

    Respondent,
_____/

**OPINION AND ORDER AMENDING CAPTION AND SUMMARILY
DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS**

Jonathan Darnell Belser, ("Petitioner"), has filed a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery, M.C.LA. 750.529. For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

As an initial matter, petitioner has failed to name a respondent in his habeas application. Petitioner was originally incarcerated at the Deerfield Correctional Facility in Ionia, Michigan. However, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was paroled on January 10, 2006. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of a paroled habeas petitioner would be the parole board. *See Hogan v. Hanks,* 97 F. 3d 189, 190 (7th Cir. 1996). Accordingly, the Court will order that the caption of the case be

amended to *"Jonathan Darnell Belser v. Michigan Parole Board."*

In this case, petitioner has neither paid the statutory $ 5.00 filing fee nor has he submitted a motion for leave to proceed *in forma pauperis*. Petitioner has also failed to sign the petition under penalty of perjury, as required by 28 U.S.C. § 2242. More importantly, petitioner has failed to notify the Court of his current address. Without this information, the Court cannot communicate with petitioner, even for the purpose of sending a deficiency order, and his habeas petition therefore cannot proceed. Under the circumstances, dismissal of the habeas petition without prejudice is the only option available to the Court. *See Benali v. Ashcroft,* 2003 WL 193081, * 1 (N.D. Tex. January 22, 2003).

Based upon the foregoing, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.


Dated:    April 12, 2006                             s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 12, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                          ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:       Jonathan Darnell Belser       .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845